[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11019
Non-Argument Calendar
_____

D.C. Docket No. 8:10-cr-00041-JDW-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CEDRIC WILLIAMS,
a.k.a. Pain,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 21, 2012)

Before PRYOR, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Cedric Williams appeals his sentence of 60 months of imprisonment imposed following his pleas of guilty for two counts of distributing a quantity of a mixture or substance containing a detectable amount of cocaine base within 1,000 feet of a school, 21 U.S.C. §§ 841(a)(1), 860(a), and four counts of distributing 5 grams or more of a mixture or substance containing a detectable amount of cocaine base within 1,000 feet of a school, id. Williams challenges the addition of two points to his criminal history category for his convictions in a Florida court that are under appeal. Williams also challenges the denial of his request for sentencing under the Fair Sentencing Act of 2010, which increased from 5 to 28 grams the minimum amount of cocaine base required to impose a mandatory minimum sentence of five years of imprisonment. We affirm the calculation of Williams's history category, but the recent decision of the Supreme Court in Dorsey v. United States, 567 U.S. ____, 132 S. Ct. 2321, 2331 (2012), requires that we vacate Williams's sentence and remand for resentencing consistent with the Act.

The district court did not err in increasing Williams's criminal history category for his prior sentence of 115 days of imprisonment for possessing cocaine and possessing less than 20 grams of cannabis. The Sentencing Guidelines provide that "[p]rior sentences under appeal are counted" in computing the

criminal history category.  U.S.S.G. § 4A1.2(l).  If Williams succeeds in having his conviction vacated, he may move the district court to set aside or correct his sentence.  See 28 U.S.C. § 2255; United States v. Walker, 198 F.3d 811, 813–14 (11th Cir. 1999).

As the government concedes, the district court erred by failing to sentence Williams under the Fair Sentencing Act.  After Williams appealed, the Supreme Court held in Dorsey, 132 S. Ct. at 2331, that "Congress intended the . . . more lenient penalties [under the Act] to apply to those offenders whose crimes preceded August 3, 2010, but who are sentenced after that date."  Williams was sentenced on February 28, 2011.  Williams is entitled to the more lenient penalties provided in the Act.

We **AFFIRM** in part the calculation of Williams's criminal history category, but we **VACATE** Williams's sentence and **REMAND** for resentencing.

**AFFIRMED IN PART, VACATED, AND REMANDED.**